Rodney L. RICH, Appellant,

v.

The STATE of Texas.

No. PD–1275–03.

Court of Criminal Appeals of Texas.

April 13, 2005.

Robert Ford, Fort Worth, for Appellant.

Danielle A. Legault, Asst. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

KEASLER, J., delivered the opinion of the Court joined by KELLER, P.J., and PRICE, WOMACK, HERVEY, and COCHRAN, JJ.

During voir dire, the trial judge denied Rodney Rich's request to ask a proper question of the venire. In assessing harm, the Court of Appeals relied on the test for individual voir dire examinations. We conclude that this test does not apply when voir dire is conducted in a group setting rather than individually.

## Factual and Procedural History

Rich was charged with attempted capital murder, attempted murder, aggravated assault, and burglary of a habitation. He pleaded not guilty and the case went to trial. During voir dire, the following transpired:

> [DEFENSE COUNSEL]: Mr. Downey, we've been talking a lot about beyond a reasonable doubt. In other words, the State has to prove all the elements of the offense beyond a reasonable doubt. What does "reasonable doubt" mean to you?
>
> PROSPECTIVE JUROR: Basically—
>
> [PROSECUTOR]: Judge, I'm going to object to him trying to get them to—
>
> THE COURT: I'll sustain the objection.
>
> [DEFENSE COUNSEL]: In just a minute the Judge will give you some instructions as to what beyond a reasonable doubt is.
>
> [PROSECUTOR]: I think I'm going to object to that, because that's not the law.
>
> THE COURT: I agree. I'll sustain the objection. You will not be getting any instructions from me as far as specifically what reasonable doubt is. You will be given an instruction as to how you are to consider. Go ahead if you would, please.
>
> [DEFENSE COUNSEL]: Your Honor, am I allowed to inquire to the jury as to what their concept of beyond a reasonable doubt is?
>
> THE COURT: No.
>
> [DEFENSE COUNSEL]: Very well, Your Honor. Please note our objection.

## Court of Appeals

On appeal, the State conceded, and the Court of Appeals found, that the trial

judge erred in not allowing Rich to ask a proper question of the venire. The appellate court found the error harmless under Rule 44.2(b).[1] Citing *Anson v. State*,[2] the court held that "voir dire error is deemed harmful when the defendant: (1) exhausts all his peremptory challenges; (2) requests additional peremptory challenges; (3) has this request denied; and (4) identifies an objectionable person seated on the jury on whom he would have exercised a peremptory challenge."[3] Since Rich did not request any additional peremptory strikes, the Court of Appeals concluded that he was not harmed by the error.[4]

We granted Rich's petition for discretionary review, in which he argues that the Court of Appeals failed to perform a proper harm analysis.

## Analysis

■ A trial judge's impermissible exclusion of a proper question during jury voir dire is subject to a harmless error analysis.[5] The Court of Appeals found this to be non-constitutional error and applied Rule 44.2(b). Rich does not contest this conclusion, so we assume that to be the proper rule.

■ Under Rule of Appellate Procedure 44.2(b), we disregard all non-constitutional errors that do not affect the appellant's substantial rights. A substantial right is affected "when the error has a substantial and injurious effect or influence in determining the jury's verdict."[6]

Rich argues that the Court of Appeals erred in applying "a capital harm analysis" to this non-capital case. He explains that voir dire is conducted individually in capital prosecutions, but in this case the venire was questioned at large.

■ Rich errs in basing his argument on the difference between capital and non-capital cases. Trial judges have discretion to order individual voir dire in any case.[7] Nevertheless, we agree with Rich that the test in *Anson* is inapplicable to cases in which voir dire is conducted in a group setting rather than individually. Rich was prevented from asking a valid question to the entire venire. Exhausting his peremptory challenges and requesting additional peremptory challenges would not have remedied the trial judge's error since the error extended to the entire venire.

■ Instead, a harm analysis in this instance should assess whether the defendant's substantial rights were affected— that is, whether the error had a substantial and injurious effect or influence in determining the jury's verdict. In the case of the erroneous admission of evidence, we have said that the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and

---

1. *Rich v. State*, 114 S.W.3d 54 (Tex.App.-Fort Worth 2003).

2. 959 S.W.2d 203 (Tex.Crim.App.1997).

3. *Rich*, 114 S.W.3d at 57–58.

4. *Id.* at 58.

5. *Gonzales v. State*, 994 S.W.2d 170, 171 (Tex. Crim.App.1999); *Cena v. State*, 991 S.W.2d 283, 283 (Tex.Crim.App.1999).

6. *Russell v. State*, 155 S.W.3d 176 2005 Tex. Crim.App. LEXIS 150, 6–7 (Tex.Crim.App. 2005).

7. Tex.Code Crim. Proc. Art. 35.17.

whether the State emphasized the error.[8] We believe these same general factors are relevant considerations in determining the harm from being denied a proper question to the venire.

## Conclusion

We reverse the judgment below and remand this case to the Court of Appeals to conduct a proper harm analysis.

JOHNSON, J., dissented.

HOLCOMB, J., filed a dissenting opinion joined by MEYERS, J.

HOLCOMB, J., dissenting, in which MEYERS, J., joined.

I respectfully dissent. The trial court's error in prohibiting appellant from asking the venire members a proper question was, under binding precedent, an error of constitutional dimension,[1] and it is therefore inappropriate for this Court to remand the case to the court of appeals for a harm analysis under Texas Rule of Appellate Procedure 44.2(b), which is our harmless error rule for non-constitutional errors. For this Court to remand this case for a harm analysis under Rule 44.2(b) will only serve to compound the errors already committed by the courts below. Such a remand will mislead the court of appeals and the parties, not to mention the general bench and bar, as to the true nature of this type of voir dire error. This unhappy situation has arisen because the majority has unwisely restricted its analysis to the somewhat incomplete argument presented in appellant's petition for discretionary review. I would decide this case correctly, without being constrained by the literal terms of the grant of review, as our precedents allow.[2] Furthermore, I would conduct a proper harm analysis myself under Texas Rule of Appellate Procedure 44.2(a), rather than keeping this case in further appellate orbit by remanding it to the court of appeals, and I would affirm in part and reverse in part the judgment of the court of appeals.

### The Relevant Facts

In late November of 2000, a Tarrant County grand jury presented an indictment that charged appellant with several felony offenses, including aggravated assault and burglary. *See* Tex. Pen.Code §§ 22.02(a)(2) and 30.02(a)(1) & (3). The State later brought appellant to trial under the indictment. During voir dire, appellant asked for the opportunity to question the venire members on their understanding of the term "beyond a reasonable doubt," *i.e.*, the State's burden of proof. Although appellant's proposed voir dire question was, under our holding in *Woolridge v. State*, 827 S.W.2d 900 (Tex.Crim. App.1992), a proper question, the trial court denied him the opportunity to ask it.

At the guilt stage of trial, the complainant, appellant's estranged common-law wife, testified that, on October 29, 2000, at approximately 2:00 a.m., appellant forced his way into her Forest Hill home and, after a brief exchange, stabbed her several times with a kitchen knife. Appellant took the stand in his defense and testified that, at the time in question, the complainant voluntarily allowed him into her home and that shortly after she did so *she* actually attacked *him* with a kitchen knife. Appellant testified further that he wrested the knife away from the complainant and then stabbed her with it. On cross-examination, appellant admitted that he stabbed

---

8. *Motilla v. State,* 78 S.W.3d 352, 355–356 (Tex.Crim.App.2002).

1. *See* discussion, *infra.*

2. *See* discussion, *infra.*

the complainant out of anger and not out of fear for his own safety.

At the close of the evidence, the trial court instructed the jury on the various offenses charged in the indictment, as well as certain lesser included offenses. In addition, the trial court, apparently out of an abundance of caution, instructed the jury on the law of self-defense as applied to each of the charged offenses, even though the record evidence did not raise the issue of self-defense. *See* Tex. Pen. Code § 9.32(a).

The jury found appellant guilty of aggravated assault and burglary and assessed his punishment at imprisonment for eleven years for the aggravated assault and imprisonment for five years, probated, for the burglary. The trial court rendered judgment accordingly.

On direct appeal, appellant argued, and the State conceded, that the trial court erred in prohibiting appellant's proposed voir dire question concerning the State's burden of proof. The State insisted, though, that the trial court's error was harmless because "[a]ppellant took the stand [and] admitted committing the aggravated assault."

The Second Court of Appeals rejected appellant's argument and affirmed the judgment of the trial court. *Rich v. State*, 114 S.W.3d 54 (Tex.App.-Fort Worth 2003). Although the court of appeals agreed with appellant that the trial court erred in prohibiting the proposed voir dire question, the court of appeals held that the trial court's error was harmless under Texas Rule of Appellate Procedure 44.2(b):

> "In *Jones* [*v. State*, 982 S.W.2d 386 (Tex.Crim.App.1998)], the court of criminal appeals held that voir dire error amounts to constitutional error "[o]nly in very limited circumstances." *Jones*, 982 S.W.2d at 391. The court then identified the following as errors of constitu-

tional magnitude: (1) "when a juror is erroneously excused because of general opposition to the death penalty" and (2) when a juror is excluded for an "impermissible" reason "such as race, sex, or ethnicity." *Id.* If the error is not constitutional, then we must analyze the harm under Rule 44.2(b). *See* Tex.R.App. Proc. 44.2(b).

> "Because the trial court's error in this case does not fall within the "very limited circumstances" identified in *Jones* as amounting to constitutional error, the harm analysis of Rule 44.2(b) applies. 982 S.W.2d at 391.

> "Under Rule 44.2(b), we must disregard the error unless it affects a substantial right. Tex.R.App. Proc. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex.Crim.App.2001).

> "In cases involving the erroneous prohibition of proper questioning of individual prospective jurors, the Texas Court of Criminal Appeals has employed the same harm analysis applied to the erroneous denial of a defendant's challenge for cause. *Anson v. State*, 959 S.W.2d 203, 204 (Tex.Crim.App.1997), *cert. dism'd*, 525 U.S. 924, 119 S.Ct. 290, 142 L.Ed.2d 241 (1998). Under this harm standard, voir dire error is deemed harmful when the defendant: (1) exhausts his peremptory challenges; (2) requests additional peremptory challenges; (3) has this request denied; and (4) identifies an objectionable person seated on the jury on whom he would have exercised a peremptory challenge. *Id.*

> "The record does not indicate whether or not appellant exhausted all of his peremptory challenges, and appellant does not claim that he did. The record

does show, however, that appellant did not request additional peremptory challenges. Therefore, appellant was not harmed by the trial court's error." *Rich v. State*, 114 S.W.3d at 57–58.

Appellant later filed a petition for discretionary review, arguing generally that "[t]he court of appeals erred in failing to apply a proper harm analysis to this case." Appellant also argued, more particularly, that the court of appeals erred in "apply[ing] a capital harm analysis to the instant case."

We granted appellant's petition in order to determine whether the court of appeals erred in its harm analysis. *See* Tex. R.App. Proc. 66.3(b).

### Analysis

In my view, the court of appeals made two errors. The court of appeals' first error was its holding that the trial court's error was non-constitutional in nature when, in fact, the trial court's error was clearly constitutional in nature. The right to an impartial jury guaranteed by the Sixth Amendment to the United States Constitution includes within it the right to adequately voir dire prospective jurors in order to identify and eliminate unqualified jurors. *Morgan v. Illinois*, 504 U.S. 719, 729, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992); *Franklin v. State*, 138 S.W.3d 351, 354 (Tex.Crim.App.2004). Furthermore, the right to counsel guaranteed by Article I, § 10, of the Texas Constitution includes within it the right to adequately voir dire prospective jurors "in order to intelligently and effectually exercise peremptory challenges and challenges for cause." *Ex parte McKay*, 819 S.W.2d 478, 482 (Tex. Crim.App.1990). *See also Linnell v. State*, 935 S.W.2d 426, 428 (Tex.Crim.App.1996). Thus, when the trial court in this case denied appellant the opportunity to ask a proper voir dire question, the trial court violated appellant's constitutional rights. Consequently, the harm, if any, from trial court's error must be assessed under Texas Rule of Appellate Procedure 44.2(a), the harmless error rule for constitutional errors.

The court of appeals' reliance on *Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App. 1998), for the proposition that the trial court's error was non-constitutional in nature, was misplaced. Our discussion of voir dire error in *Jones* was, on its face, limited to situations in which a trial court erroneously excuses a prospective juror. *Id.* at 391. That discussion has no application to the situation here, in which the trial court erroneously denied a proper voir dire question.

The court of appeals' second error, in my view, was in applying an *Anson*-type capital-style harmless error analysis to the trial court's error. In *Anson v. State*, 959 S.W.2d 203 (Tex.Crim.App.1997), also a non-capital case, we held that a trial court's error in prohibiting the defendant from asking a proper voir dire question *of an individual venire member* would be harmless beyond a reasonable doubt unless the defendant (1) exhausted all of his peremptory strikes, (2) requested additional peremptory strikes, (3) was denied additional peremptory strikes, and (4) identified an objectionable person seated on the jury on whom he would have exercised a peremptory strike. *Id.* at 204, fn. 3. *Anson* requires, in effect, that if a trial court, in a capital·or a non-capital case, erroneously denies the defendant the opportunity to ask a proper voir dire question *of an individual venire member*, then the defendant must "remedy" that error by peremptorily striking the venire member prophylactically and then asking for another peremptory strike to make up for the one expended. However, the *Anson* rule does not logically apply to the situation in

this case, in which the trial court denied appellant the opportunity to ask a proper voir dire question *of the entire venire.* In this case, appellant's prophylactic use of a peremptory strike would not have "remedied" the trial court's error, since the error extended to the entire venire. See *Janecka v. State,* 937 S.W.2d 456, 471, fn. 9 (Tex.Crim.App.1996).

In his petition for discretionary review, appellant did not complain of the court of appeals' first error—*i.e.,* the court of appeals' holding that the trial court's error was non-constitutional in nature—and the majority, therefore, does not address it. But, in my view, if we are to decide this case correctly, we must address both of the court of appeals' errors. Remanding this case to the court of appeals for a harm analysis under Rule 44.2(b), when the trial court's error was plainly constitutional in nature, will only confuse the situation and compound the errors of the courts below.

There is no question that this Court has the power to decide a case without being constrained by the literal terms of the grant of review, and, exercising our sound discretion, we have often done just that. *See* G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* § 44.62 (2nd ed. 2001 & Supp.2004), and cases cited therein.

We could, of course, properly remand this case to the court of appeals for a proper harmless error analysis under the correct legal standard, *i.e.,* Rule 44.2(a). *See Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App.2003). My preference, however, would be for this Court to exercise its sound discretion and perform the harmless error analysis itself.

After examining the record in this case, I conclude beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction or punishment for the aggravated assault. Since appellant took the stand and admitted the aggravated assault, and since the record evidence did not raise the issue of self-defense, any rational juror would have voted to convict and punish appellant for the aggravated assault regardless of that juror's understanding of the State's burden of proof. On the other hand, I cannot conclude beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction for burglary. The evidence at trial concerning the alleged burglary was in sharp conflict—the complainant testified that appellant entered her residence without her consent, and appellant testified that the complainant voluntarily allowed him into her residence—and I cannot say that any rational juror would have voted to convict appellant for burglary regardless of that juror's understanding of the State's burden of proof. In my view, there is a reasonable probability that one or more of the jurors who sat on appellant's jury voted to convict him of burglary because they had a skewed understanding of the State's burden of proof.

I would affirm the judgment of the court of appeals as it relates to appellant's conviction for aggravated assault, I would reverse the judgment of the court of appeals as it relates to appellant's conviction for burglary, and I would remand the case to the trial court for further proceedings.