MEMORANDUM OPINION

No. 04-05-00939-CR

Gerald Sergio KAYLOR,

Appellant

v.

The STATE of Texas ,

Appellee

From the 379th Judicial District Court, Bexar County, Texas

Trial Court No. 2003-CR-5618

Honorable Bert Richardson , Judge Presiding




Opinion by: Alma L. López, Chief Justice



Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice



Delivered and Filed: January 10, 2007



AFFIRMED

 Gerald Sergio Kaylor appeals his felony DWI conviction. Kaylor contends the trial court erred in admitting certain
testimony and in denying his motion for a mistrial after the trial court sustained his objection to other testimony. Because
the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this
memorandum opinion.

 1. In his first issue, Kaylor asserts that the trial court erred in overruling his objection to testimony by an officer that natural
nystagmus appears in less than one percent of the population. Assuming that the trial court erred in overruling the objection,
Kaylor cannot demonstrate that the admission of the testimony resulted in harm. A substantial right is affected resulting in
harm when the error had a substantial and injurious effect or influence in determining the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). In the case of the erroneous admission of evidence, the appellate court must
consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the
nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in
connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing
arguments, voir dire, and whether the State emphasized the error. Rich v. State, 160 S.W.3d 575, 577-78 (Tex. Crim. App.
2005).

 In this case, Kaylor was stopped after an officer observed a series of traffic violations culminating in a turn that would have
led to a collision if another driver had not taken evasive action. Two officers testified regarding their observations of
Kaylor's appearance, including his slurred speech, bloodshot eyes, lack of balance, and the strong odor of alcohol on
Kaylor's breath. The same officers also testified regarding Kaylor's performance on a series of field sobriety tests that
indicated Kaylor was intoxicated. The testimony in question only related to one of the field sobriety tests and was not
emphasized by the State. We therefore conclude that the admission of the isolated statistic regarding naturally occurring
nystagmus did not have a substantial or injurious influence on the jury's decision. See King, 953 S.W.2d at 271.

 2. In his second issue, Kaylor complains that the trial court erred in failing to grant his motion for a mistrial after an officer
testified that the absence of vertical nystagmus would show that Kaylor had "developed a tolerance to drinking." The
answer was given in response to questions regarding the officer's report which noted an absence of vertical nystagmus. 
Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer. Ovalle v.
State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We presume a trial court's instruction to disregard was complied with
by the jury. Wesbrook v. State, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). A mistrial is appropriate only when it is
apparent that an objectionable event at trial is so emotionally inflammatory that curative instructions are not likely to
prevent the jury from being unfairly prejudiced against the defendant. Young v. State, 137 S.W.3d 65, 71 (Tex. Crim. App.
2004). In this case, the trial court immediately sustained defense counsel's objection to the brief comment by the officer and
instructed the jury to disregard the comment. We conclude that the officer's comment was not so flagrant and offensive that
the trial court's instruction to disregard was ineffective. See Wesbrook, 29 S.W.3d at 116.

 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice



DO NOT PUBLISH