IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0798-08





ANNE ELIZABETH MURPHY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., delivered the opinion of the Court in which Keller, P.J.,
and Keasler, Hervey, and Cochran, JJ., joined. Womack, J., filed a dissenting
opinion in which Meyers, Price, and Holcomb, JJ., joined. 


O P I N I O N



 A jury convicted appellant of capital murder in the course of committing or attempting to
commit robbery. Because the state did not seek the death penalty, the trial court assessed a sentence
of life imprisonment without parole. Tex. Penal Code § 12.31(a). The First Court of Appeals
affirmed the trial court's judgment and sentence. Murphy v. State, No. 01-07-00174-CR, 2008 Tex.
App. LEXIS 2568 (Tex. App. - Houston [1st Dist.], delivered April 10, 2008)(not designated for
publication). We granted appellant's petition for discretionary review.

Direct appeal


 On direct appeal, appellant's points of error included claims asserting constitutional and
statutory violations by the trial court: not informing the prospective jurors that she would be
sentenced to life imprisonment without parole if found guilty of capital murder; and not allowing her
to so inform or to question venire members on that subject. The court of appeals held that, because
appellant failed to show that she was prevented from asking a particular proper question, she failed
to preserve for review her complaints that she had been denied her constitutional right to effective
assistance of counsel. Murphy v. State, supra at * 27. The court of appeals also held that the failure
of the trial court to inform the venire that appellant would receive a mandatory life sentence if
convicted of capital murder was non-constitutional error and was harmless because "nothing in the
record indicates that such failure to inform the venire of this information denied appellant's right to
a fair and impartial jury," thus appellant's substantial rights were not affected by the error. Id. at **
28-33.

Appellant's Grounds for Review


 We granted appellant's three grounds for review. Those grounds assert:

 1) In this non-death capital murder case[,] appellant's constitutional claim that she
was denied the effective assistance of counsel and due process of law was preserved
for appellate review when the trial court refused to advise the venire that [appellant]
would be sentenced without parole [sic] if convicted of capital murder when
requested by trial counsel[,] as mandated by Tex. Pen. Code Ann. § 12.31(b) and
then prohibited counsel from doing so even though he failed to provide the court with
a particularized question on the issue pursuant to Sells v. State, 121 S.W.3d 748 (Tex.
Crim. App. 2003).


 2) Because the trial court declined to advise the appellant's venire that she would be
sentenced to life without parole as mandated by Tex. Pen. Code Ann. § 12.31(b) and
then prohibited her attorney from doing so during voir dire, [appellant] was denied
the effective assistance of counsel and due process of law on this issue during voir
dire[,] and the harm she suffered should be assessed under Tex. R. App. P. 44.2(a).


 3) Because the purpose of Tex. Pen. Code Ann. § 12.31(b) is its own clearly stated
mandate that the venire in a non-death capital murder case shall know the guilty
defendant will receive a sentence of life without parole, any review of the harm
caused by the trial court's multiple failures to so inform the appellant's jury should
be conducted in light of that stated purpose under Tex. R. App. P. 44.2(b).


 Background


 Tex. Pen. Code Ann. § 12.31(b) includes a provision that "[i]n a capital felony trial in which
the state does not seek the death penalty, prospective jurors shall be informed that the state is not
seeking the death penalty and that a sentence of life imprisonment without parole is mandatory on
conviction of the capital felony." (1) The record reflects that, at the beginning of voir dire, and outside
the presence of the venire, the trial court informed the parties of its position on revealing the
automatic sentence of life without parole to the venire.

 I'm going to go on the record outside the presence of the jury. Before we
begin jury selection, I have discussed with each side the issue regarding punishment
in this case and discussing it on voir dire. This is a capital murder where the State
is not seeking the death penalty, so in the event Ms. Murphy is convicted of capital
murder, the sentence is automatic life without parole and I would be doing the
sentencing, so it is my position that I'm going to tell this panel, if they convict her of
capital murder, punishment is not an issue for them, it's just for me. And I don't
intend to tell the panel and I don't want either side to tell the panel that it would be
life without parole.


 I understand that there are - there will probably be lessers raised in this case
and, of course, both sides have to qualify the panel on the punishment range on those
lessers; but as far as the non-death capital punishment range, I would instruct the
lawyers not to go into what that means, life without parole.


 One of appellant's attorneys sought clarification of whether the trial court meant not to
mention the punishment for a conviction for capital murder, i.e. "not to define life without parole,
but not to say it at all?" The trial court responded,

 Right. That's what I'm - yes, because I don't think it's an issue that they need to
know about, or it's not for them to decide. So if they convict her of capital murder,
then they need to know the trial is over for them at that point and that the court will
be doing the sentencing. If they convict her of a lesser, then they will be doing the
punishment.


 One of appellant's attorneys objected and stated, "We think the jury panel should be entitled
to know. Since the State is not seeking the death penalty and that it is an automatic punishment
assessed by the court at that point in time, we think the jury panel should be entitled to know that it
is an automatic life sentence." He further asserted that whether it is defined as life without parole
or not, "they should at least be told that the only punishment that the defendant can receive at that
point is life, so we would object and make a request that we be allowed to go into that."

 The prosecutor argued that, because the automatic life sentence was not a matter for venire
members' consideration, there was no need to question them about it, thus "[t]here is no need to
explore their thoughts or their feelings about the automatic sentence, just like any other case when
the court is doing the sentencing." After commenting about questioning and qualifying prospective
jurors to consider the full range of punishment on lesser-included offenses, the prosecutor added,
"It's very clear that any type of potential punishment shouldn't enter into their deliberations on guilt
or innocence. For that reason, I think the court's decision is the appropriate one."

 The trial court stated that it was going to stand by its ruling and that it was going to instruct
the jury that the "death penalty is not an option in this case. If you convict her of capital, the court
will be doing the sentencing."

 Appellant asserts that she was thereby denied her right to question the prospective jurors so
that she might intelligently exercise her peremptory challenges as guaranteed by the Texas and
United States constitutions. She acknowledges that trial counsel did not advise the court of a
particular question that she wished to propound on that issue, but asserts that his request that he "be
allowed to go into that" was sufficient to preserve error, and the trial court's willingness to "stand
by" its order confirms this view. Appellant also argues that the error was preserved and is of
constitutional dimension: the trial court's ban deprived her of due process of law, effective assistance
of counsel, and her "right to be heard." She also suggests that, because the trial court's error is of
constitutional dimension, such error should be examined under Tex. R. App. P. 44.2(a) and urges this
Court to determine whether such constitutional error is of "structural" or "systemic" proportions and
to assess harm accordingly.

 The state notes that appellant's trial attorney did not object to the trial court's actions on 
constitutional grounds. The state argues that these claims, raised for the first time on appeal, have
therefore been waived for purposes of appeal. It also asserts that there is nothing in the language of
Tex. Pen. Code Ann. § 12.31(b) that requires a trial court to permit a trial attorney to question
prospective jurors about the fact that a life sentence without the possibility of parole would be
assessed if appellant was found guilty of capital murder. It maintains that appellant was therefore
not denied her right to ask the prospective jurors a proper question. The state argues that any error
on the part of the trial court in failing to comply with § 12.31(b) constituted statutory error and was
harmless under Tex. R. App. P. 44.2(b).

Analysis

 Appellant asserts that the trial court initiated the error complained of by informing counsel,
despite the clear mandate of Tex. Pen. Code Ann. § 12.31(b), that it would not advise the venire
that appellant would receive an automatic sentence of life without parole if convicted of capital
murder and also instructed counsel not to do so during voir dire. Ground one of appellant's petition
asserts that appellant's constitutional claims of lack of due process and ineffective assistance of
counsel were preserved for appellate review and challenges the court of appeals's determination that
her constitutional complaints were not preserved. Appellant acknowledges that "counsel did not
specifically object that the trial court's prohibitions violated [her] right to effective counsel and right
to ask proper questions to the venire under our state and federal constitutions . . .." (Appellant's
Brief, p. 11.) However, she contends that the trial court's "intervention and order explicitly
prohibited h[er] from doing so" and asserts that her "grounds for review were apparent from the
context of the pre-voir dire exchange between the court and counsel." (Appellant's Brief, p. 11.)

 After reviewing the record, we do not find any specific objection at trial claiming a due-process violation resulting from the trial court's actions. The record does reflect that the trial court
explicitly announced that it would not inform the prospective jurors pursuant to that provision,
despite the mandatory language of the statute.

 As a prerequisite for presenting a complaint for appellate review, Tex. R. App. P. 33.1(a)
requires a timely objection with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context. Appellant timely objected to the failure
of the trial court to conform to the mandatory language of § 12.31(b). "As it did on direct appeal,
the State recognizes that, by its wording, Section 12.31(b) is mandatory rather than discretionary.
. . . Thus, the trial court erred by failing to inform the prospective jurors that a guilty verdict on
capital murder would result in a mandatory sentence of life imprisonment without parole." (State's
Brief, p. 19.)

 This is not the common complaint about voir dire-that the defendant wished to investigate
a general topic and the trial court refused to allow questioning on that topic. In this case, the statute
required the trial court to give to the jury one specific piece of information-that the sentence upon
conviction of capital murder would be life without parole-regardless of whether the defense requests
it. The trial court refused to give the mandatory instruction, despite an explicit request by the
defendant. However, that request and subsequent objection were made only as to the statutory
violation. Appellant made no objection based on the constitutional bases she now asserts. We hold
that the error was preserved as to the statutory complaints, but not preserved as to the constitutional
claims. Because appellant made no objection based upon the constitutional bases she now asserts
in ground one, we overrule ground one.

 In her second ground for review, appellant urges this Court to assess harm under the
constitutional standard set out in Rule 44.2(a). Because we have held that error was not preserved
as to appellant's constitutional claims, appellant's claim that the harm from the error should be
assessed under Rule 44.2(a)'s provisions for constitutional error is moot. Accordingly, we dismiss
ground two.

 Appellant's third ground for review contends that the harm caused by the trial court's error
should be reviewed under the provisions of Rule 44.2(b) and "in light of [the] stated purpose" of that
rule. Pursuant to Rule 44.2(b), we must disregard all non-constitutional errors that do not affect an
appellant's substantial rights. Rich v. State, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). "A
substantial right is affected 'when the error has a substantial and injurious effect or influence in
determining the jury's verdict.'" Id., quoting Russell v. State, 155 S.W.3d 176, 179 (Tex. Crim. App.
2005). The court of appeals applied those standards to its harm analysis pursuant to Rule 44.2(b).
Murphy v. State, supra at ** 28-33.

 While appellant's third ground for review asserts that harm from the trial court's error should
be evaluated under Rule 44.2(b), her argument asserts that the trial court's actions constitute
"structural" error that is immune to harm analysis or, alternatively, is "systemic." She maintains that
it is impossible to determine with any certainty whether she was harmed by the trial court's error,
and because meaningful harm analysis is not possible, it cannot be said with fair assurance that the
trial court's error did not affect a substantial right.

 In this case, the right protected by § 12.31(b) is the right to have the prospective jurors
informed that the state is not seeking the death penalty and that a sentence of life imprisonment
without parole is mandatory upon conviction of the capital offense. Although the jury would not be
involved in assessing that mandatory sentence, the legislature nevertheless saw fit to require the trial
court to provide that information to the prospective jurors. The trial court's error abrogated that
statutory right.

 Pursuant to the language of Rule 44.2(b), we disregard all non-constitutional error that does
not affect appellant's substantial rights. "We have construed this to mean that an error is reversible
only when it has a substantial and injurious effect or influence in determining the jury's verdict."
Taylor v. State, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008), citing King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997). We have also held that the substantial right at issue in voir dire is the
ability to empanel only those jurors who are qualified to serve. If an appellant does not present
record evidence that demonstrates that the trial court's error deprived her of a jury comprised of
legally qualified jurors, she suffered no harm. Gray v. State, 233 S.W.3d 295, 301 (Tex. Crim. App.
2007).

 Appellant asserts that the omitted instruction was a mandatory part of the trial and that its
absence affected how the venire perceived the case and the jury decided it. She also notes that seven
members of the venire indicated that they could not be fair and impartial because they were excluded
from the consideration of punishment for reasons that were never made known to them. Appellant
suggests that, had § 12.31(b) been followed, all members of her venire "would have known the
consequences of a guilty verdict and been able to inform the court whether that would affect their
ability to be fair and impartial jurors." (Appellant's Brief, p. 16.) She also suggests that this
information would have "heightened jurors' sense of what proof beyond a reasonable doubt meant
because of the severity of the sentence that followed a finding of guilt." (Appellant's Brief, p. 16.)

 The state directs our attention to several general factors, set out in Rich v. State, 160 S.W.3d
at 577-78, as relevant considerations in determining harm from being barred from asking a proper
question of a venire. Those factors were described in a case involving the erroneous admission of
evidence and were applied to the erroneous denial of a proper question in voir dire. Id. However,
in this case, the trial court erred in not providing to the prospective jurors the information mandated
by § 12.31(b). Under these circumstances, in which the error does not involve evidentiary or legal
issues at trial, the Rich factors do not apply to the evaluation of harm.

 In the instant case, appellant has failed to show that she was deprived of a jury that was
comprised of legally qualified jurors. The failure to provide information to which the jury panel was
entitled by statute did not affect the legal qualifications of any of the venire members. We therefore
conclude that the trial court's error did not affect appellant's substantial rights, and pursuant to Rule
44.2(b), it must be disregarded. We overrule appellant's third ground for review.

 We affirm the judgment of the court of appeals.


Delivered: October 21, 2009

Do not publish
1. Section 12.31. Capital Felony

 (a) . . .

 (b) . . . In a capital felony trial in which the state does not seek the death penalty, prospective jurors
shall be informed that the state is not seeking the death penalty and that a sentence of life
imprisonment without parole is mandatory on conviction of the capital felony.


 (Emphasis added.)