**Opinion filed June 23, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00186-CR

_____

## DEMPSEY WEBB, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR22581**

### M E M O R A N D U M   O P I N I O N

The jury convicted Dempsey Webb of burglary of a habitation. Appellant pleaded true to two enhancement paragraphs, and the trial court assessed Appellant's punishment at confinement for a term of forty-four years and a fine in the amount of $3,000. The trial court sentenced Appellant accordingly. We affirm.

On the date of the offense, Stefanee Dyess, a twenty-six-year-old mother of four, was asleep in her bedroom in her parents' house. Dyess's young son came to sleep with her at some point that night. Dyess often left her bedroom window open

slightly at night when it was too hot to use only a fan. On the night of the offense, Dyess woke up and saw that her window was open more than she remembered; she wondered whether she had opened it herself because of the heat. At that point as Dyess lay on her bed, she felt someone inappropriately touch her vagina. At first, Dyess thought it might have been her fiancé. However, by the light of her cell phone, Dyess could see a man at the foot of her bed. She described the man as a short-haired black male who was dressed in a tan jacket, a white T-shirt, and white shoes. The man threw a blanket over Dyess's head, jumped through the open bedroom window, and fled as Dyess screamed at him.

Approximately two days prior to the offense, Dyess had purchased a drink at Food Plaza. Dyess continued to use the cup and had washed it between uses. On the night of the offense, Dyess used this cup and placed it on the window sill near her bed. When police investigated the scene, they found the cup on the ground outside Dyess's window. The police collected fingerprints from the cup and matched the prints to Appellant.

At trial, the State introduced evidence of two other burglaries that had occurred on other occasions in the immediate area. These burglaries had occurred during the early morning hours and were allegedly committed by Appellant.

On appeal, Appellant argues in four issues that, under Texas Rules of Evidence 403 and 404(b), the trial court erred when it admitted these extraneous bad acts for identity purposes. Specifically, Appellant asserts that the extraneous offenses were not sufficiently similar to the charged offense to be admissible to show identity and that the State failed to prove beyond a reasonable doubt that Appellant committed one of the extraneous offenses. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d

589, 595 (Tex. Crim. App. 2003). If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed on appeal even if the trial judge gave the wrong reason for his right ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Assuming, without deciding, that the trial court erred when it admitted the evidence of the two extraneous bad acts because they were not sufficiently similar to show identity or because the State failed to prove beyond a reasonable doubt that Appellant committed one of the offenses, any error was harmless. The erroneous admission of extraneous offense evidence is nonconstitutional error. *See Hernandez v. State*, 176 S.W.3d 821, 824–25 (Tex. Crim. App. 2005). Rule 44.2(b) of the Texas Rules of Appellate Procedure applies to nonconstitutional errors. Pursuant to Rule 44.2(b), an error is not reversible error unless it affects a substantial right of the defendant. A substantial right is affected when the error has "a substantial and injurious effect or influence in determining the jury's verdict." *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). An accused's substantial rights are not affected by the erroneous admission of evidence if the court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). When conducting a Rule 44.2(b) harm analysis based upon the erroneous admission of evidence, an appellate court should consider everything in the record, including:

> [A]ny testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005).

When reviewing the evidence as a whole, the admission of the two extraneous acts did not harm Appellant. The trial court instructed the jury that the jury could only consider the extraneous acts if the jury found beyond a reasonable doubt that Appellant committed these acts and that the jury was to only consider the acts for identity purposes. We presume the jury followed these instructions. *See Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). Further, other evidence showed that Appellant was the person that entered Dyess's bedroom. Investigator Ray Slayton, formerly with the Brownwood Police Department, testified that he located, in Appellant's home, a tan jacket and white shirt that matched the description of the clothing that Dyess testified that the intruder wore the night of the offense. The State provided evidence that Appellant's fingerprints were found on a cup that was on the ground outside the window that the intruder fled through on the night of the offense. Dyess had left the cup on the window sill inside her room prior to going to sleep that night. Based on our review of the record as a whole, we find that the admission of the extraneous bad acts, even if error, likely had no influence, or only a slight influence, on the jury's verdict. *See Johnson*, 967 S.W.2d at 417; *Spencer v. State*, No. 11-02-00306-CR, 2003 WL 22233540, at *3 (Tex. App.—Eastland Sept. 26, 2003, pet. struck) (not designated for publication) (finding the trial court's error in admitting extraneous offenses harmless when the jury was given a limiting instruction and the evidence in favor of the verdict was strong). We overrule Appellant's four issues.

We affirm the judgment of the trial court.


June 23, 2016                                                      JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4