NO. 07-10-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 19, 2011
_____


JOSEPH MICHAEL ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 19TH DISTRICT COURT OF McLENNAN COUNTY;

NO. 2009-1366-C1; HONORABLE RALPH T. STROTHER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**


Following a plea of not guilty, Appellant, Joseph Michael Anderson, was convicted of driving while intoxicated, enhanced,[1] and sentenced to thirty years confinement.[2] By a single issue, he maintains the trial court abused its discretion by

---

[1]Tex. Penal Code Ann. § 49.04 (West 2003) and § 12.42(d) (West Supp. 2010).

[2]Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. Tex. R. App. P. 41.3.

*sua sponte* and pre-emptively forbidding defense counsel from comparing the burden of proof required in a criminal case with the burden of proof required in a civil case during *voir dire*. We affirm.

## Background[3]

During the early morning hours of February 11, 2009, Officer Michael Miller observed Appellant's vehicle exit a motel parking lot, cross into an oncoming lane, and roll through a stop sign. Officer Miller initiated the lights of his patrol car and pulled Appellant over for traffic violations. After approaching Appellant, Officer Miller noticed the smell of an alcoholic beverage on Appellant's breath. According to the officer, Appellant was not wearing a shirt, had red, bloodshot eyes, and his speech was slurred. Appellant was asked to exit his vehicle and instructed to perform three field sobriety tests. According to Officer Miller, Appellant was not able to perform any of the tests satisfactorily and was arrested.

Prior to commencement of *voir dire*, the trial court announced:

When you're *voir diring* the jury and we're talking about the standard of proof, proof beyond a reasonable doubt, I don't allow anybody to talk about clear and convincing evidence, preponderance of the evidence, and compare that to proof of beyond a reasonable doubt. I think that confuses the jury panel, I think it's misleading, so I don't want anybody saying that you've got to have this much -- a certain quantity of evidence to prove a civil case and a certain quantity of evidence to prove clear and convincing standard of proof and you've got to get to this level to prove a criminal case because that's confusing, and there's no definition of proof beyond a reasonable doubt, so I don't want anybody *voir diring* on that issue.

---

[3]Because Appellant does not challenge the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary.

Defense counsel objected on the grounds that he would be unable to intelligently use his challenges for cause and his representation during *voir dire* would be rendered ineffective. Defense counsel raised the issue again several times during *voir dire* and his objections to the trial court's limitation were overruled.

By his sole issue, Appellant maintains the trial court abused its discretion in forbidding defense counsel from comparing the burden of proof required in a civil case with that of a criminal case during *voir dire*. We disagree.

## Standard of Review

We review a trial court's limitation on *voir dire* for abuse of discretion. *See Sells v. State*, 121 S.W.3d 748, 755 (Tex.Crim.App. 2003), *cert. denied*, 540 U.S. 986, 157, 124 S.Ct. 511, L.Ed.2d 378 (2003). *See also Rogers v. State*, 44 S.W.3d 244, 248 (Tex.App.--Waco 2001, no pet.). A trial court has broad discretion over the jury selection process and it may impose reasonable limits on it. *Woods v. State*, 152 S.W.3d 105, 108 (Tex.Crim.App. 2004). A trial court abuses its discretion only when a proper question about a legitimate area of inquiry is prohibited. *Id.* A question is proper if it seeks to discover a juror's views on *an issue applicable to the case*. *Id.* (Emphasis added). The State's burden of proof of beyond a reasonable doubt is a proper question for purposes of *voir dire* examination. *Wooldridge v. State*, 827 S.W.2d 900, 906 (Tex.Crim.App. 1992). The State's burden of proof is an issue applicable to any criminal case because the fact-finder must apply that standard when determining guilt. *Id.* at 904.

**Analysis**

Section 62.0132 of the Texas Government Code requires prospective jurors to complete a questionnaire included with a jury summons. Tex. Gov't Code Ann. § 61.0132 (West 2005). Appellant provided a copy of the McLennan County Jury Summons as an appendix to his brief. The questionnaire asks:

Have you ever served on a civil jury?

Have you ever served on a criminal jury?

Relying on these questions, Appellant argues that defense counsel should have been allowed to *voir dire* the jury panel on the differences between the civil burdens of proof and the criminal burden of proof. The questionnaire, however, was not made a part of the appellate record and thus, we will not consider it in our analysis. *See Booth v. State*, 499 S.W.2d 129, 135 (Tex.Crim.App. 1973). *See also Gabriel v. State*, 973 S.W.2d 715, 719 (Tex.App.--Waco 1998, no pet.).

The line of cases relied on by Appellant stand for the proposition that questions during *voir dire* concerning the State's burden of proof of beyond a reasonable doubt relate to an issue in a criminal case and are therefore proper. *See Wooldridge*, 827 S.W.2d at 904; *Henson v. State*, 173 S.W.3d 92, 97-98 (Tex.App.--Tyler 2005, pet. ref'd). However, those cases do not support Appellant's argument as they do not hold that a trial court errs if it does not allow questions during *voir dire* related to the civil standards of proof.

Appellant has not cited us to any authority, and we have found none, where prohibiting the comparison of the civil and criminal burdens of proof *during voir dire* in a

4

criminal case is a *per se* abuse of discretion. While questions concerning other burdens of proof may not have been impermissible, because a trial court has the ability to impose reasonable limits on *voir dire*, we cannot say that the trial court acted unreasonably in this case by limiting *voir dire* to the burden of proof actually before that jury. Consequently, we hold the trial court did not abuse its discretion in denying defense counsel's request to ask questions during *voir dire* about the different civil standards of proof while questioning the venire panel in a criminal case. Appellant's sole issue is overruled.

## Conclusion

Having overruled Appellant's only issue, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Publish.