NO. 07-10-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 30, 2012
_____

JOSEPH MICHAEL ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 19TH DISTRICT COURT OF McLENNAN COUNTY;

NO. 2009-1366-C1; HONORABLE RALPH T. STROTHER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON REMAND**

The Court of Criminal Appeals vacated our earlier opinion in this case, *Anderson v. State,* 341 S.W.3d 585 (Tex.App.--Amarillo 2011) and remanded it for reconsideration in light of *Fuller v. State,* 363 S.W.3d 583 (Tex.Crim.App. 2012), wherein it concluded that questions regarding the differences between the criminal and civil burdens of proof are relevant to understanding a venire member's potential bias or prejudice as to that

area of the law and, consequently, the effective exercise of a challenge for cause. Upon further analysis, we again affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

During the early morning hours of February 11, 2009, Officer Michael Miller observed Appellant's vehicle exit a motel parking lot, cross into an oncoming lane, and roll through a stop sign. Officer Miller initiated the lights of his patrol car and pulled Appellant over for traffic violations. After approaching Appellant, Officer Miller noticed the smell of an alcoholic beverage on Appellant's breath. According to the officer, despite the cold weather, Appellant was not wearing a shirt, had red, bloodshot eyes, and his speech was slurred. Appellant was asked to exit his vehicle and instructed to perform three field sobriety tests. According to Officer Miller, Appellant was not able to perform any of the tests satisfactorily and was arrested. He was subsequently charged with felony driving while intoxicated, enhanced by two prior felony DWIs.

Prior to commencement of *voir dire*, the trial court announced:

When you're *voir diring* the jury and we're talking about the standard of proof, proof beyond a reasonable doubt, I don't allow anybody to talk about clear and convincing evidence, preponderance of the evidence, and compare that to proof of beyond a reasonable doubt. I think that confuses the jury panel, I think it's misleading, so I don't want anybody saying that you've got to have this much -- a certain quantity of evidence to prove a civil case and a certain quantity of evidence to prove clear and convincing standard of proof and you've got to get to this level to prove a criminal case because that's confusing, and there's no definition of proof beyond a reasonable doubt, so I don't want anybody *voir diring* on that issue.

Defense counsel objected on the grounds that he would be unable to intelligently use his challenges for cause and his representation during *voir dire* would be rendered

2

ineffective. Although defense counsel was able to extensively question prospective jurors about the State's burden of proof of beyond a reasonable doubt, his attempt to raise the issue again during *voir dire* was denied and his objection was overruled.

Following presentation of evidence, the jury convicted Appellant and assessed his sentence at confinement for a term of thirty years. This Court originally determined the trial court did not err by limiting *voir dire* to the burden of proof actually before the jury. Following *Fuller,* the Court of Criminal Appeals vacated our judgment and remanded the case to this Court for further analysis. Finding the trial court erred in *sua sponte* and preemptively forbidding defense counsel from comparing the two burdens of proof, we must now determine the effect of that error.

### STANDARD OF HARM ANALYSIS

The denial of an appropriate question during *voir dire* constitutes nonconstitutional error that is subject to a harm analysis. *Fuller,* 363 S.W.3d at 589; *Rich v. State,* 160 S.W.3d 575, 577 (Tex.Crim.App. 2005). The proper test for such error is that set out in Rule 44.2(b) of the Texas Rules of Appellate Procedure, and under that test a reviewing court should disregard any "error, defect, irregularity, or variance that does not affect substantial rights" of the appellant. A substantial right is affected "when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 577 (quoting *Russell v. State*, 155 S.W.3d 176, 179 (Tex.Crim.App. 2005)).

In determining whether error of this type affects the defendant's substantial rights an appellate court should use an appropriately tailored set of factors to determine

3

whether the defendant's substantial rights have been affected. *See Sanchez v. State*, 165 S.W.3d 707, 709 (Tex.Crim.App. 2005). In that regard, we must consider everything in the record, including other *voir dire* questions, the character of the error and how it might be considered in connection with the appropriate application of the State's burden of proof, any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the State's theory of the case as well as any defensive theories, the jury instructions, closing arguments, and whether the two burdens of proof were otherwise emphasized or explained. *Rich,* 160 S.W.3d at 577-78.

## ANALYSIS

### *VOIR DIRE*

Although the trial court refused to allow defense counsel to discuss with the venire members the differences between the criminal burden of proof of beyond a reasonable doubt and the civil burdens of proof of clear and convincing evidence and preponderance of the evidence, the court placed no limitations on counsel's ability to explain the criminal burden of proof or determine whether individual venire members could follow their oath and render a verdict according to their own understanding of reasonable doubt. In fact, the trial court specifically advised defense counsel that he was permitted to question venire members concerning their individual understanding of reasonable doubt. While counsel may have been restricted, he was not prohibited from making a thorough inquiry into each venire member's concept of beyond a reasonable doubt.

4

In fact, during *voir dire,* the trial court extensively explained the concepts of presumption of innocence and the State's burden of proving the elements of the indictment to the satisfaction of the individual jurors, beyond a reasonable doubt. During its instructions to the jury, prior to any questioning by either the prosecution or the defense, the court said, in part:

> "Not only do they [the prosecution] have the burden of proof, they have to meet a certain standard of proof, and that standard for a criminal case is called proof beyond a reasonable doubt. It is the highest level - - standard in our system of law."

Likewise, during their respective questioning, both the prosecution and the defense repeatedly touched upon the concepts of the State's burden of proof and the requirement that their proof reach the level of beyond a reasonable doubt. Accordingly, although limited in methodology, Appellant was accorded the opportunity to elicit pertinent information from every prospective juror.

CHARACTER OF THE ERROR AND HOW IT AFFECTED APPELLANT'S RIGHT TO CHALLENGE A PROSPECTIVE JUROR FOR CAUSE

While the error may have handicapped defense counsel's ability to make a challenge for cause, it didn't prevent it. Counsel was free to question individual venire members concerning their concept of reasonable doubt. Furthermore, he was not prevented from challenging venire members based on their individual views concerning what constitutes reasonable doubt and he was even able to successfully challenge several venire members. Furthermore, he was not restricted in the exercise of Appellant's peremptory strikes. Because Appellant was accorded the means of preventing a legally disqualified or biased venire member from being seated on the jury,

5

his right to, and the State's interest in, a fair and impartial jury was not thwarted. *See Sanchez*, 165 S.W.3d at 711.

CHARACTER OF THE ERROR AND HOW IT AFFECTED THE PROPER APPLICATION OF THE REASONABLE DOUBT BURDEN OF PROOF

Refusing to allow defense counsel to compare the criminal burden of proof to the civil burdens of proof in no way shifted that burden to the defense or otherwise lessened the State's obligation to prove its case beyond a reasonable doubt. As applied to the facts of this case, the trial court's error in no way affected the proper application of the reasonable doubt burden of proof.

NATURE OF THE EVIDENCE SUPPORTING THE JURY'S VERDICT

Because no breath or blood test results were obtained which would lead to a presumption of intoxication, the State's case relied upon the observations of the witnesses, the credibility of their testimony, and each juror's evaluation of the arresting officer's video. The evidence showed Appellant was driving erratically, smelled of alcohol, had blood-shot, glassy eyes, admitted to have been drinking (although claiming to have just recently awoken), and was having difficulty following directions. He also failed field sobriety tests, including the horizontal gaze nystagmus test. Furthermore, although not a confession of guilt, Appellant does not challenge the legal sufficiency of the evidence establishing his guilt. *See Motilla v. State,* 78 S.W.3d 352, 356 (Tex.Crim.App. 2002) (recognizing that overwhelming evidence can be a factor to be considered in conducting a Rule 44.2(b) harm analysis).

The *Charge of the Court* recites, in pertinent part:

"In all criminal cases, the burden of proof is on the State.

The defendant is presumed to be innocent of the charge. All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The law does not require the defendant to prove his innocence or produce any evidence at all. Unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case, the presumption of innocence alone is sufficient to acquit the defendant."

The State's closing arguments emphasized the evidence, contending its burden of proof had been met. Appellant's closing arguments took the position that the evidence did not rise to the level of proof beyond a reasonable doubt. Neither side attempted to quantify the level of proof necessary to reach that threshold, nor did they compare it in any way to other burdens of proof.

## CONCLUSION

In summary, our review of the record shows that, although the trial court improperly limited Appellant's *voir dire*, the jury was repeatedly and clearly instructed that the State had the burden of proving Appellant's guilt beyond a reasonable doubt and there is no evidence that any member of the jury was unable or unwilling to follow those instructions. Appellant has not challenged the sufficiency of the evidence and that evidence supports the conviction. The trial court's verbal instructions to the jury, its written instructions contained in the *Charge of the Court*, the State's arguments, and

even Appellant's arguments, all reinforced the fact that the State had the undeniable burden of proving Appellant's guilt beyond a reasonable doubt.

For the foregoing reasons, we hold the trial court's improper limiting of Appellant's *voir dire* regarding the differences between the criminal and civil burdens of proof did not, under the circumstances of this case, have a substantial and injurious effect or influence on the jury's verdict. Accordingly, we disregard the error, overrule Appellant's sole issue, and affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.