

IN THE
TENTH COURT OF APPEALS

No. 10-19-00065-CV

IN THE MATTER OF Y.R.S., A JUVENILE

From the County Court at Law No. 2
Johnson County, Texas
Trial Court No. J05904

## MEMORANDUM OPINION

Y.R.S. appeals from a judgment that committed her into the custody of the Texas Juvenile Justice Department (TJJD) for an indeterminate period of time not to exceed her 19th birthday. Y.R.S. complains that the trial court erred in allowing hearsay testimony regarding prior referrals to the juvenile department and incident reports from detention during the disposition hearing. Because we find no reversible error, we affirm the judgment of the trial court.

**HEARSAY TESTIMONY**

In her first issue, Y.R.S. complains that the trial court abused its discretion by allowing a juvenile probation officer to testify from notes she had taken from the records

of the department regarding Y.R.S.'s prior history with the juvenile department. The witness had answered questions regarding the first referral of Y.R.S. to the juvenile authorities which was for a runaway. When asked about her second referral, the following exchange took place:

STATE: When was the next time your department was involved with [Y.R.S.]?

WITNESS: On May 3rd, 2015, for an assault bodily injury family member.

STATE: And what happened as a result of that charge?

WITNESS: We worked with her until I would say—sorry. I'm looking at the dates. Approximately—

COUNSEL FOR JUVENILE: Excuse me, Judge. At this time I'm going to object. Apparently, she is attempting to testify from documents I haven't seen and that have not been offered or admitted into evidence.

THE COURT: Okay. So your objection is?

COUNSEL FOR JUVENILE: Number one, it's clearly hearsay and, number two, she is basically repeating testimony that I don't believe she has any personal knowledge of.

THE COURT: [State].

STATE: Your Honor, I believe [the witness] is reading from her notes she made of the—

THE COURT: You believe what?

STATE: I believe [the witness] is reading from the notes she made for this hearing.

THE COURT: [Witness], are you reading from notes or other records?

WITNESS: Notes that I typed up in the last couple of days of her history. I'm just trying to reference for the dates because I don't remember dates off the top of my head on all of this.

THE COURT: I'll allow it. Let's move on.

COUNSEL FOR JUVENILE: Judge, if I may. We have the same objection. Just because she typed it from another record and made a note of it doesn't make it admissible. It's still hearsay. It's still a document that's not been admitted into evidence from a document that's not been admitted and hasn't been offered to my client for review.

THE COURT: Overruled. Let's move on.

Y.R.S. did not ask for a running objection to the testimony. After Y.R.S.'s objection, the witness was asked if Y.R.S. was adjudicated as a result of the assault charge and the witness responded that Y.R.S. was not adjudicated for that offense. The State then asked the witness about other referrals. Y.R.S. did not object again to this testimony.

On appeal, Y.R.S. argues that the entirety of the witness's testimony regarding the referrals was improper because it constituted impermissible hearsay. However, the only objection that was preserved was from the question to what the result from one referral for assault with bodily injury on a family member was, which was that she was not adjudicated for the offense. In order to preserve error, a party generally must continue to object each time the objectionable evidence is offered. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Because Y.R.S. did not object to the rest of the objectionable

testimony, the complaint to that testimony was not preserved and was waived. *See* TEX. R. APP. P. 33.1(a).

As to the preserved portion of this issue, which was that Y.R.S. was not ever adjudicated for the offense about which the witness testified, even if we assume without deciding that the admission of that evidence was erroneous, Y.R.S. was not harmed by the admission of this evidence. Similar evidence of prior allegations of assaults committed by Y.R.S. on family members was admitted through the testimony of Y.R.S.'s mother and by Y.R.S. herself. We cannot conclude the court's error, if any, had a substantial and injurious effect or influence in determining the trial court's decision, especially since the answer to the objectionable question was favorable to Y.R.S. *See* TEX. R. APP. P. 44.2(b); *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005) (Under Rule 44.2(b), we disregard all non-constitutional errors that do not affect appellant's substantial rights and a substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict). We overrule issue one.

In her second issue, Y.R.S. complains that the trial court abused its discretion by allowing impermissible hearsay testimony from the same witness who was questioned about incident reports from Y.R.S.'s approximately four-month stay in detention. After the witness had answered that she had received incident reports from Y.R.S.'s detention stay, the following exchange occurred:

> STATE: Without going into the details, what was the nature of those incidents?

COUNSEL FOR JUVENILE: Judge, again, I object. Question clearly calls for hearsay. She's asking for conclusions that are offered for the truth of the matter asserted from documents, number one, haven't been offered and admitted into evidence, number two, haven't been provided to us pursuant to Rule 39.14. And in addition to that, it's hearsay on hearsay. I mean, the proper way to get those in would be through a business records affidavit from the facility.

THE COURT: Thank you. Overruled.

WITNESS: Answer the question?

STATE: Yes.

WITNESS: She has had major program disruptions, assaults, or attempted assaults on students, verbal abuse, using profanity, disrespectful behavior, and self-harming behavior.

No further questions were asked of the witness regarding incidents that occurred while Y.R.S. was in detention at that time. However, on cross-examination, counsel for Y.R.S. asked the witness about the incident reports and requested copies of the written reports to be provided to him. The State provided the four written incident reports that it had received. The reports had been sent by a different county where Y.R.S. was being held in detention. At other times during the hearing, however, several witnesses were asked about Y.R.S.'s behavior in detention which led to her not being allowed to make phone calls or have visitors other than her attorney. Additionally, Y.R.S. testified about the four incidents and explained what had occurred with each one. Even if the evidence set out above was erroneously admitted at that time, a trial court's erroneous admission

of evidence will not require reversal when, as in this case, other such evidence was received without objection, either before or after the complained-of ruling. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010); *Lane v State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). We overrule issue two.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed August 28, 2019
[CV06]

